CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

January 07, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Bradley Sims, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:25-cv-00403 |
| Warden Philip White *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bradley Sims, an incarcerated individual proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (Compl. at 1 (Dkt. 1).) Sims's complaint names multiple defendants. Defendants Sgt. Leftwich and Lt. Ross are alleged to have used excessive force against Sims. They filed an answer to the complaint, (Dkt. 17), and the excessive force claim is not challenged in a motion to dismiss.

Sims also asserts claims against Defendants Officer Ramsey, Warden Philip White, Director Chad Dotson, and Investigator Nicholas Sumner. (Compl. at 1.) These Defendants have jointly requested dismissal of the claims against them. (Dkts. 15, 16.) Sims responded to the motion to dismiss. (Dkts. 20, 26.)[1] Because Sims's allegations in the complaint, all accepted as true, do not support a viable § 1983 claim against each of these Defendants, the court will grant the motion to dismiss for the reasons explained below.

---

[1] A non-party to the litigation (who designates herself as an "advocate" for Sims, but not as an attorney on his behalf) submitted documents to the court. (*See* Dkt. 21.) The court returned the documents to her because they did not comply with Fed. R. Civ. P. 11. (*Id.*) The documents were docketed, however, and nothing in the submissions would alter the court's analysis herein. The court is not faulting Sims for a lack of case citations or references to legal authority.

1

## I.     Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)).  In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" as these are not well-pled facts.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally.  *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).  "Principles requiring generous construction of *pro se* complaints are not, however, without limits."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  A *pro se* complaint must still "state a claim to relief that is plausible on its face."  *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## II.     Analysis

As to Defendants White and Dotson, the complaint contains no factual allegations against them.  To state a claim under 42 U.S.C. § 1983, a plaintiff must show direct personal involvement by each particular defendant.  *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001)

2

(noting that liability in a civil rights case is "personal, based upon each defendant's own constitutional violations"). A viable § 1983 claim requires factual detail about each defendant's personal involvement in an asserted claim. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). Dismissal is appropriate when defendants are referenced only in the caption of the case. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant . . . the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Further, liability is not appropriate simply because a defendant is in charge or has oversight authority. *Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *see also Pena v. Garder*, 976 F.2d 469, 471 (9th Cir. 1992) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."). Accordingly, Defendants White and Dotson will be dismissed from this action.

As to Defendant Sumner, the complaint alleges only that Sumner subsequently investigated the alleged excessive force incident. (Compl. at 2.) Sims states that the investigation conducted by Sumner resulted in a finding of wrongdoing, and he does not claim that Sumner failed to take any action or did anything improperly. (*Id.*) The allegation that Sumner conducted an investigation does not support a viable § 1983 claim because no violation of any law or constitutional provision is alleged. Furthermore, even if Sims faulted Sumner for any shortcoming in the investigation, this would also not support an actionable claim. *See, e.g., Taylor v. Shelton*, No. 7:20-cv-00497, 2022 WL 479769, at *4 (W.D. Va. Feb. 16, 2022) (granting motion to dismiss claim that a VDOC employee "conducted a shoddy

3

investigation," noting that the defendant's "actions or inactions after [that] alleged assault did not cause that assault").

As to Defendant Ramsey, Sims alleges that she made a false report of assault against him. (Compl. at 2.) Even assuming this is true, such an allegation does not support a § 1983 claim. Sims does not allege any retaliatory motive in connection with the alleged false report. "As a general rule, 'a false disciplinary charge cannot serve as the basis for a constitutional claim.'" *Carter v. Collins*, No. 7:22-cv-00025, 2024 WL 1260588 at *7 (W.D. Va. Mar. 24, 2024) (quoting *Cole v. Holloway*, 631 F. App'x 185, 186 (4th Cir. 2016)). The fact that the alleged false report may have resulted in the transfer during which Sims was injured does not make Ramsey responsible or complicit in the excessive force incident. Sims has thus alleged no viable § 1983 claim against Ramsey.

Finally, Sims recently submitted a document to the court, (Dkt. 26), in which he asks the court to review video footage it does not possess, to notify non-parties of his claims, to transfer him to another facility, and for information about discovery.

Sims is **ADVISED** that the court does not request evidence, conduct investigations, or notify non-parties to the litigation about facts alleged. If Sims desires certain evidence to support his claims, he must make discovery requests to one of more Defendant(s) pursuant to the procedures described in Rules 26 through 37 of the Federal Rules of Civil Procedure. These Rules provide the means by which parties obtain relevant information and evidence in litigation. Rules 33 and 34 provide the framework for a party to ask questions to another party or request documents or items. The court is not involved in the discovery process unless a dispute arises about the discovery. Additionally, Rule 45 provides a mechanism for subpoenas

to obtain information or evidence needed from third-parties (non-defendants) to the litigation. Because Sims is a *pro se* litigant, he would need to request in a motion that the court issue any needed subpoenas. A motion for issuance of a subpoena should identify the relevance of the information or evidence requested and the need for a subpoena to obtain it.

As to Sims's requests that the court direct a transfer to another institution, the court declines to do so. The court construes Sims's request for transfer as a motion for a preliminary injunction or a temporary restraining order. *See, e.g., Campbell v. Smith*, No. 0:08-3668, 2009 WL 3111975, at *1 (D.S.C. Sept. 28, 2009) (explaining that a "request for a transfer to a different penal institution" is "essentially" a request for "preliminary injunctive relief"). A party seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief should be granted only in compelling circumstances in the prison context, *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994), because courts grant "wide-ranging deference" to prison administrators on matters within their discretion. *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (citation and internal quotation marks omitted).

Here, Sims's request for transfer is unrelated to the excessive force incident at his former institution that is the subject of this action. While a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks*

5

*v. Zorn*, No. 2:22-cv-00739, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that sought relief unrelated to complaint from non-parties). Additionally, Sims failed to meet his heavy burden to justify court interference in matters of prison administration. His allegations of harsh treatment are vague and not specific to any individual. *See, e.g., Rose v. Damron*, No. 2:16-cv-00242, 2018 WL 4291914, at *2 (W.D. Mich. July 24, 2018) (denying motion to transfer by prisoner who "presented no evidence that he has received any threats of bodily harm or physical attack" and explaining that "speculation is not sufficient to establish that he faces irreparable harm"). Accordingly, the court **DENIES** Sims's request to be transferred.

### III.    Conclusion and Order

For the above-stated reasons, the court **GRANTS** Defendants' motion to dismiss and **DISMISSES** Defendants White, Dotson, Ramsey, and Sumner from this action without prejudice. This action shall proceed as to Defendants Ross and Leftwich.

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Sims.

**IT IS SO ORDERED**.

**ENTERED** this 7th day of January, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE